UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>             Plaintiff,<br><br>     vs.<br><br>EBONY SMITH,<br><br>             Defendant. | 1:13-cv-01555-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Docs. 10.) |

**I.      BACKGROUND**

Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on September 26, 2013.  (Doc. 1.)  On February 11, 2013, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 4.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On November 21, 2013, Plaintiff filed the First Amended Complaint.  (Doc. 9.)

Now pending is Plaintiff's motion for default judgment against defendant Smith, filed on December 9, 2013.  (Doc. 10.)

## II. ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Once default has been entered against a defendant, the court may, "[f]or good cause shown . . . set aside an entry of default. . . ." Fed. R. Civ. P. 55(c). "The court's discretion is especially broad where ... it is entry of default that is being set aside." O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986)); see also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000). Default is generally disfavored. In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991); Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009).

### Plaintiff's Motion

Plaintiff requests default judgment against defendant Ebony Smith, "for failure to answer plaintiffs amended complaint within the given 30 days as followes (*sic*) pursuant to rule 34 Fed.R.Civ.P. (Motion, Doc. 10.)

### Discussion

Plaintiff's motion is premature because defendant Smith has not been served in this action. The Court will, *sua sponte*, direct the United States Marshal to serve the complaint only after the court has screened the complaint as required by 28 U.S.C. § 1915A and determined that it contains cognizable claims for relief against the named defendants. Thus, the time limits

set forth in Rule 4 are inapplicable until such time as the Court determines the complaint states cognizable claims for relief. As the Court has yet to screen Plaintiff's First Amended Complaint, Plaintiff's request for entry of default is premature and shall be denied as such.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for default judgment, filed on December 9, 2013, is DENIED as premature.

IT IS SO ORDERED.

Dated: **December 11, 2013**               **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE