UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD, | 1:13-cv-01555-GSA-PC |
| Plaintiff, | ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 |
| vs. | |
| EBONY SMITH, et al., | (Doc. 20.) |
| Defendants. | ORDER FOR CLERK TO CLOSE THIS CASE |

**I.    BACKGROUND**

Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 26, 2013. (Doc. 1.) On November 21, 2013, Plaintiff filed the First Amended Complaint. (Doc. 9.)

On October 7, 2013, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 4.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The court screened the First Amended Complaint and issued an order on May 21, 2014, dismissing the First Amended Complaint for failure to state a claim, with leave to amend.

(Doc. 19.)  On May 30, 2014, Plaintiff filed the Second Amended Complaint, which is now before the court for screening.  (Doc. 20.)

**II.      SCREENING REQUIREMENT**

The in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  "Rule 8(a)"s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusion are not.  Iqbal, 556 U.S. at 678.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

### III.  SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is presently housed at Coalinga State Hospital in Coalinga, California, in the custody of the California Department of Mental Health, where the events at issue in the Second Amended Complaint allegedly occurred.  Plaintiff names as defendant Ebony Smith ("Defendant").[1]  Plaintiff's factual allegations follow.

Plaintiff alleges that he approached defendant Mrs. Ebony Smith and asked her to make a dental appointment for him because his present dentures were not well-made and were severely damaging his mouth.  Defendant Smith replied that she would schedule Plaintiff for an interview with the dentist "when she gets around to it, which meant that she wanted to play with water with another patient and when she was done playing, maybe she would have the hospital's dentist treat Plaintiff."  (Second Amd Compl ("SAC") at 1:18-21.)  Plaintiff asked Defendant Smith if she had a problem with the fact that Plaintiff was white, and Defendant failed to respond.  Plaintiff challenged Defendant to prove that she was not motivated by race, and Defendant declined.  Plaintiff continued to use damaged dentures because of Defendant's problem.  The dentures cut Plaintiff's gums to the bone, and Plaintiff had to use "butterflys" to hold his gums together.  (SAC at 1:26-27.)  This would not have happened without Defendant's race problem, and if Plaintiff had been given a dentist appointment.

Plaintiff does not request any relief in the SAC.

### IV.  PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

///

---

[1] In the Second Amended Complaint, Plaintiff does not indicate what position is held by Defendant at Coalinga State Hospital.  However, in the First Amended Complaint, Plaintiff identifies Defendant Ebony Smith as a "P.T. ," which may stand for Psychiatric Technician or Physical Therapist.  (First Amd Compl at 2 ¶III.)

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A. Medical Claim

As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause. Youngberg v. Romeo, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982). A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." Id. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. Id. at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the Youngberg standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed).

Plaintiff has not alleged facts showing that Defendant violated Plaintiff's Constitutional rights. Plaintiff fails to show that Defendant made a purposeful decision not to refer Plaintiff for dental care, which was such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that she actually did not base her decision on professional judgment. Therefore, Plaintiff fails to state a claim against Defendant for inadequate medical care.

///

///

**B.     Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has not alleged facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Therefore, to the extent that Plaintiff seeks to bring an equal protection claim, Plaintiff fails to state a cognizable claim in the Second Amended Complaint.

**V.     CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that Plaintiff's Second Amended Complaint fails to state any claims upon which relief may be granted under § 1983 against Defendant Ebony Smith. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two amended complaints without alleging facts against any defendant which state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

///

Therefore, **IT IS HEREBY ORDERED** that:

1. Pursuant to 28 U.S.C. § 1915(e), this action is DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983; and

2. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **June 5, 2014**              **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE